NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

APR 22 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-10033 |
| Plaintiff-Appellee, | D.C. No. 2:16-cr-00049-WBS-1 |
| v. | |
| CARLOS SANCHEZ, AKA Carlos Miguel Sanchez, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, District Judge, Presiding

Submitted April 17, 2019**

Before:    McKEOWN, BYBEE, and OWENS, Circuit Judges.

Carlos Sanchez appeals from the district court's judgment and challenges the

121-month sentence imposed following his guilty-plea conviction for distribution

of heroin and methamphetamine, in violation of 21 U.S.C. § 841(a)(1). We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Sanchez contends that the district court procedurally erred by imposing the sentence recommended by the government without analyzing the 18 U.S.C. § 3553(a) sentencing factors. Sanchez also contends that the district court erred by failing to explain why it rejected his request for a 60-month sentence and why it believed a sentence less than 121 months was insufficient. Contrary to Sanchez's contention, we review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 & n.3 (9th Cir. 2010), and conclude that there is none. After acknowledging Sanchez's mitigating arguments, the district court stated that it had considered all of the relevant section 3553(a) sentencing factors, noted its concern about Sanchez's criminal history and the nature of the offense, and explained that a 60-month sentence would not be sufficient in light of the severity of the offense and the other sentencing factors. The court was not required to "tick off" each of the section 3553(a) factors, *see United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc), and its explanation of the within-Guidelines sentence was sufficient, *see Rita v. United States*, 551 U.S. 338, 358-59 (2007).

Sanchez next contends that the sentence is substantively unreasonable in light of his acceptance of responsibility and family history, which he argues decrease his likelihood of recidivism. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Sanchez's sentence is substantively reasonable in light of the section 3553(a) sentencing factors and

18-10033

the totality of the circumstances, including the amount of drugs involved in the offense and Sanchez's criminal history.

**AFFIRMED.**